### DZINBIENSKI v. J. L. MOTT IRON WORKS.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

MASTER AND SERVANT—INJURIES—CONTRIBUTORY NEGLIGENCE—SUBMISSION TO JURY.

A foundry hand employed as a molder's helper was injured while operating a crane used for hoisting flasks by having his finger caught in a cogwheel and cut off. The "dog" used for holding the weight when raised to the desired height had been gone for about a year, its place being supplied by inserting an iron spike in the cogwheels. Plaintiff had worked for defendant about eight years, part of the time as a molder's helper, but in another shop, where the cranes were operated differently, and had never seen this particular crane operated before. He was suddenly called to assist a molder in raising a flask, and when it was raised sufficiently was told to stop it, "and put something there,—a piece of iron or nail,—and stop." In endeavoring to do so, plaintiff in some way caught his finger in the cogwheel, and it was cut off. He had no instructions regarding the machine. *Held*, in a suit for the injury, that the question whether plaintiff was guilty of contributory negligence should have gone to the jury.

Appeal from trial term, New York county.

Action by Petro Dzinbienski against the J. L. Mott Iron Works. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Eugene Cohn, for appellant.
Charles C. Nadal, for respondent.

HATCH, J. This action was brought to recover for personal injury received by the plaintiff while working in the defendant's foundry as a molder's helper. The molders work singly or in couples preparing the molds, which, when in the wooden or iron casings, are called "flasks." Each set of molders has a helper. The helper is subject to the direction of the molders, carries the sand and boxes,

screens the sand, and puts it into the flasks. The party works near the foot of a crane used for hoisting and moving the flasks from place to place. The plaintiff was injured, while operating this crane, by having his finger caught in the cogwheels and cut off. The crane consisted of two iron uprights standing about a foot apart, and about 15 feet high, called a "mast." From the mast extended an arm, or boom, which swung on a circle. Between the uprights of the mast, near the floor, is a drum to which is attached a cable, which runs thence to the top of the mast, thence to the free end of the arm, and then drops, forming what is termed a "fall." On the shaft of the drum, at the outside of the mast, is a large cogwheel which engages a smaller cogwheel, and for the purpose of operating the machine a crank may be attached to either the large or small wheel; the smaller being used for the lifting of very heavy weights. On a crane of this kind the means employed for holding the weight when raised to the desired height is a mechanical contrivance called a "dog," which is so placed as to permit of being dropped into the cogs. This appliance had been gone from this particular machine for at least a year, and the only means of supplying its place was to insert an iron spike, or other piece of iron in the cogwheels. Plaintiff had worked for the defendant for about eight years, and during some of the time had performed the duties of a molder's helper in another shop, where the cranes were operated in a wholly different manner. He had never seen this machine operated before. On the morning of the accident, plaintiff was directed to take the place of a helper who had left, and, while engaged in shoveling sand, was suddenly called upon by the molders to assist in raising a flask by the use of this crane; his duty being to do the lifting by turning the crank. Not being aware of the defect in the machine, he did not provide himself with anything to use in place of the dog. The flask weighed about 3,000 pounds. When it had been raised to the height of about four feet, he was told by the molders to stop it, "and put something in there,—a piece of iron or nail,—and stop." In endeavoring to obey this order, the plaintiff in some manner got his finger between the cogs, and received the injury of which complaint is made. It appears that plaintiff was not told of any defect in this machine, nor instructed as to the proper method of working it. On this state of facts the court below, at the close of the plaintiff's case, dismissed the complaint on the ground that his own negligence contributed to the accident. In this, we think, the court was in error. The questions involved required a submission of the case to the jury. The defendant owed to its servant the duty of providing a place and a machine reasonably safe for the work which he was directed to perform. The machine which the plaintiff was called upon to use was clearly defective and unsafe, and it was for the jury to determine whether the master had adopted all reasonable precaution to shield him from the danger he was exposed to in the use of the crane, before requiring him to operate the same. Nor should it be said as matter of law that the danger was so obvious that the plaintiff was chargeable with the risk. He had had no experience in the use of this machine. Nor was he informed that it was in any

way defective. His attention could not have been directed to the defect except by use of the machine, or by having his attention particularly called to it by the master or the fellow workmen. He was not bound to examine the derrick to see if it was defective, but was justified in assuming that it was in good condition. The defendant had notice of the defective condition of this crane through its foreman, Carroll, before the accident occurred. Under these circumstances it was for the jury to say whether the injury was the natural and direct result of the negligence of the defendant, or was contributed to by the negligence of the plaintiff; and the dismissal of the complaint was error. The judgment should, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.